Isaac DELONEY et al., Plaintiffs,

v.

Joseph CALIFANO, Secretary of Health, Education and Welfare et al., Defendants.

No. 74 C 2989.

United States District Court, N. D. Illinois, E. D.

Feb. 7, 1980.

Thomas P. Sullivan, U. S. Atty., Mary M. Thomas, William A. Barnett, Jr., Asst. U. S. Attys., Chicago, Ill., and Joseph S. Friedman, Atty., (argued), Randolph W. Gaines, Atty., Chief Litigation, Social Sec. Div., Dept. of Health, Ed. and Welfare, Baltimore, Md., Steven J. Plotkin, Gen. Atty., Dept. of Health, Ed. and Welfare, Chicago, Ill., David M. Cohen, Branch Director, Federal Programs Branch, Civil Division, Dept. of Justice, Washington, D. C., for defendants.

Barbara Samuels, Lawndale Legal Services, James D. Weill, Legal Assistance Foundation of Chicago, for plaintiffs.

MEMORANDUM OPINION AND ORDER

PARSONS, Chief Judge.

Presently before the Court is a renewed motion for summary judgment brought by

the Secretary of Health, Education and Welfare, the defendant in this case. After carefully reviewing all matters of record, I find that summary judgment on behalf of defendant is now appropriate.

## I. *BACKGROUND*

Plaintiff brought this case as a class action to challenge alleged "illegal" delays in processing Social Security disability benefit claims. Such delays assertedly violate Title II of the Social Security Act, 42 U.S.C. § 401, et seq., the Administrative Procedure Act, 5 U.S.C. § 555(b), (e), and the due process clause of the Fifth Amendment of the United States Constitution, inasmuch as:

(i) over half of the Illinois applicants do not receive a determination on an initial application within 60 days;

(ii) half of the applicants who succeed at the reconsideration (first hearing) stage wait more than 90 days;

(iii) an applicant waits between seven or fourteen months from the time of a hearing request to a decision and over two months for implementation of same.

(iv) 40 per cent of those requesting Appeals Council review must wait more than 90 days for a ruling; and

(v) defendant, Secretary of Health, Education and Welfare, has failed to promulgate through the Social Security Administration any regulation setting forth reasonable maximum time limits for each of the above stages.

In a memorandum opinion and order entered August 16, 1977, this Court concluded that subject matter jurisdiction was available pursuant to 42 U.S.C. § 405(g) and in the alternative, pursuant to a mandamus action under 28 U.S.C. § 1361. The Court also reserved final ruling on cross motions for summary judgment pending an evidentiary hearing at which defendant was to bear the burden of either:

(1) presenting new justifications for the time delays in processing Title II claims; or

(2) presenting evidence of progress made during 1976 and 1977 in reducing these delays, so as to meet a 90 day maximum goal at each of the four stages in the "open files" process.

In proceedings held before me on June 23, 1978, the Court found that defendant had met its burden by showing some progress in decreasing administrative delay and by presenting credible justification for the delays. Accordingly the Court permitted a maximum time limit of 120 days for each stage in Title II cases for a six month period. At the end of this time, defendant retained the burden of presenting justifications for processing delays or of presenting evidence of progress made during the six months.

On December 27, 1978 defendant filed a six month report pursuant to this order. At that time, the Court permitted the Secretary to discontinue monitoring the time for processing disability benefit claims pending disposition of his motion for summary judgment.

In a memorandum opinion and order entered May 31, 1979 this Court granted plaintiff's motion for leave to file an amended complaint.[1] The Court further concluded that defendant's motion for summary judgment may be renewed. While the Secretary remained relieved of the requirement of making further evidentiary reports to the court, defendant was given the option of furnishing further evidence and argument in support of his renewed motion for summary judgment.

## II. *THE RELEVANT STATUTES*

Plaintiffs assert that the delays in processing claims for Social Security disability benefits violate the Administrative Procedure Act (APA).[2] Plaintiffs further assert

---

1. Plaintiff's amended complaint added, *inter alia*, the allegation that "[d]efendants have demonstrated a dilatory attitude and a lack of evenhandedness in processing claims at all stages."

2. The APA provides in relevant part:
   "With due regard for the convenience and necessity of the parties or their representatives

that defendant's failure to promulgate rules and regulations establishing reasonable maximum time limits for disability claims determinations or to establish procedures to provide reasonably prompt claims determinations violates the Social Security Act (the Act).[3] Finally, plaintiffs assert that defendant's failure to make prompt claims determinations violates plaintiff's and members of plaintiff class' rights to due process of law under the Fifth Amendment to the United States Constitution.

## III. THE STATUTORY CLAIMS

■ The Court is cognizant of decisions in other circuits holding that delays in providing hearings and reviews with respect to Social Security benefits are "unreasonable" under the Act and the APA. *See Barnett v. Califano*, 580 F.2d 28 (2d Cir. 1978); *White v. Mathews*, 559 F.2d 852 (2d Cir. 1977), *cert. denied*, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978); *Caswell v. Califano*, 583 F.2d 9 (1st Cir. 1978). Further, it cannot be doubted that the Social Security Administration ("SSA") is under a statutory duty to provide hearings and reviews within a "reasonable time." *Blankenship v. Secretary of HEW*, 587 F.2d 329, 333–34 (6th Cir. 1978). The difficulty arises, however, in assessing the reasonableness of agency performance in the light of the

unique circumstances before the Court. *Blankenship, supra*, at 334.

The issue presented therefore is whether the delays in processing disability claims are here so unreasonable as to constitute a breach of plaintiffs' statutory or constitutional rights. For the reasons stated herein, the Court finds that the delays, though clearly undesirable, are not so unreasonable as to constitute such a breach as to warrant judicial intervention in the administrative process here challenged.

Plaintiff and plaintiff class have alleged that there is a dilatory motive and a lack of evenhandedness on the part of the Social Security Administration (SSA) in processing disability claims at all levels of the determinations procedure. The Court has scrutinized the relevant documents, exhibits and memoranda and finds that the evidence does not support these allegations.

The evidence shows that there are various exigent circumstances beyond the agency's control which have made prompt claims determinations extremely difficult, if not impossible.[4] Notwithstanding these factors, the evidence shows that the SSA, being acutely aware of the delays, has confronted this problem with all of its available resources and has demonstrated progress in diminishing processing delays.[5] It is also clear that the delays complained of in this

and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

5 U.S.C. § 706(1) further provides that on judicial review a court shall "compel agency action unlawfully withheld or unreasonably delayed."

**3.** 42 U.S.C. § 405(a) provides:

"The Secretary shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder."

42 U.S.C. § 1302 also provides that "The Secretary of the Treasury, the Secretary of Labor, and the Secretary of Health, Education and Welfare, respectively, shall make and publish such rules and regulations, not inconsistent

with this chapter, as may be necessary to the efficient administration of the functions with which each is charged under this chapter." In addition, 42 U.S.C. § 405(b) requires that the Secretary shall provide "reasonable notice and opportunity for a hearing" to contest denials of benefits under the Act.

**4.** Defendant has enumerated justifications for processing times in adjudication of disability claims (1) the heavy and spiraling caseload; (2) the inability to acquire personnel to meet the burgeoning caseload; (3) budgetary restraints; (4) the difficulties inherent in developing the medical record, including delays by the medical community; (5) claimant induced delays.

**5.** *See* Affidavit of Chief Judge Philip T. Brown (December 2, 1977); Affidavit of Richard F. Kirchner (November 25, 1977); Affidavit of Chief Judge Philip T. Brown (December 19, 1978).

case are systemwide and are not peculiar to the administration and enforcement of the Act in Region V.[6] Thus, any assertion that defendant has exhibited bad faith toward plaintiffs in adjudicating disability claims is unfounded.

Plaintiffs further allege that defendant has failed to establish regulations or guidelines for the efficient and timely administration of the Act pursuant to 42 U.S.C. § 405(a). The Court finds this contention to be unpersuasive. The evidence shows a clear and articulated SSA policy to reduce processing delays.[7] While this policy has not been expressed in terms of rules containing rigid time limitations for adjudicating claims, the Court finds that the demonstrated good faith efforts and communicated desire of the Secretary and the SSA to reduce delays are sufficient to fulfill the Secretary's statutory obligation. Accordingly, the Secretary has not breached his statutory duty to plaintiffs under the Act.

The Court also has reservations with respect to the proper role of the courts in this type of administrative proceedings. In *Vermont Yankee Nuclear Power Corp. v. National Resources Defense Council, Inc.*, 435 U.S. 519, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978), the Supreme Court expressed concern that reviewing courts will "(engraft) their own notions of proper procedures upon agencies entrusted with substantive functions by Congress." 435 U.S. at 525, 98 S.Ct. at 1202. While evidence of greatly disproportionate delays in agency action or evidence of a lack of evenhandedness or a dilatory motive on part of an agency may in some cases warrant judicial relief,[8] here there is no such evidence.

It has been stated that "it would be the extremely rare case where a Court would be justified in holding . . . that the passage of time and nothing more presents an occasion for the peremptory intervention of an outside Court in the conduct of an agency's adjudicative proceedings." *Weingarten, supra* 336 F.2d at 691–92. By expressing our unwillingness to sanction the performance of the SSA under the facts of this case, this Court is inclined to recognize that the primary responsibility in the oversight of agency procedures lies with the Congress. Indeed, one commentator has suggested that courts are sometimes ill-equipped to pass judgment on the timeliness of agency performance:

> " . . . [i]n most cases a court would not be competent to make such a decision. While it might be argued that a workable test could be based upon the normal time required by this agency or other agencies to process similar cases, it is unlikely that a court could evolve viable standards to determine the appropriate length of time for any particular administrative action. The court would have to work with a relative standard such as 'reasonable dispatch' rather than making an essentially legislative judgment that a particular administrative practice should take no longer than a specified period of time. However, a 'reasonable dispatch' standard is not likely to be susceptible to reasoned elaboration: the large number of potentially relevant factors and the difficulty of assessing the relative importance of each variable seem to preclude effective adjudication." *Goldman, supra* note 7, at 1429.

*See also Deering Milliken, Inc. v. Johnston*, 295 F.2d 856, 867 (4th Cir. 1961); Note, *Judicial Acceleration of the Administrative: The Right to Relief from Unduly Protracted Proceedings*, 72 Yale L.J. 574–75 (1963).

In deciding that the various circumstances here present with respect to the process-

---

6. Region V includes Illinois, Indiana, Michigan, Minnesota, Ohio and Wisconsin. The evidence shows that processing delays in Region V are comparable to other regions with similar caseloads. *See* Affidavit of Chief Judge Philip T. Brown, Affidavit of Richard Schuck (June 20, 1979); Affidavit of William Rivers (December 19, 1978).

7. See Affidavit of Richard F. Kirchner (November 25, 1977).

8. *See F.T.C. v. J. Weingarten, Inc.*, 336 F.2d 687, 691–92 (5th Cir. 1964); *Safir v. Gibson*, 417 F.2d 972 (2d Cir. 1969); *See also, generally*, Goldman, *Administrative Delay and Judicial Relief*, 66 Mich.L.Rev. 423 (1968).

ing of disability claims may "preclude effective adjudication," the Court is guided by the recent Seventh Circuit decision in *Wright v. Califano*, 587 F.2d 345 (7th Cir. 1978). There, plaintiff and the plaintiff class alleged that the lengthy delays prevalent in the social security system violated the mandates of the Act and the APA providing for hearings within a reasonable time. The District Court had entered an order requiring the SSA to either provide hearing and Appeals Council review within certain time limits when requested by unsuccessful applicants for old-age and survivor benefits, or else make interim payments of benefits until a final unfavorable decision has been rendered. On appeal, the Seventh Circuit "reverse[d] on the grounds that the delays in question, although undesirable, . . . are not so unreasonable as to constitute a breach of the applicant's statutory rights justifying the extraordinary remedy imposed." 587 F.2d at 347.

In reaching its decision, the Seventh Circuit recognized the dual priorities inherent in social security administration:

> . . . [T]he legislative history of [§ 405] demonstrates that in addition to its desire to insure the speedy payment of benefits to eligible applicants, Congress was also concerned with maintaining the quality of administrative adjudication and minimizing the payment of benefits to ineligible applicants. 587 F.2d at 352. (Footnote omitted).

The Court further noted that:

> "Congress has committed the timing of hearings and reviews to the discretion of the SSA. It has continually monitored the appeals delay problem; yet it has failed to prescribe mandatory time limits, interim benefit payments or other funding. Congress is not a party in this case. In these circumstances, we believe the courts should be hesitant to require such measures absent a due process violation or clear violation of Congressional intent." 587 F.2d at 353.

After carefully weighing all the relevant factors in that case, the Seventh Circuit concluded:

> Since administrative efficiency is not a subject particularly suited to judicial evaluation, the courts should be reluctant to intervene in the administrative adjudicative process, absent clear congressional guidelines or a threat to a constitutional interest. Here, given the good faith efforts of the SSA to cope with the delay problem under severe resource constraints and the prospect of future progress in the reduction of processing times, we do not believe that the present delays are so unreasonable as to justify . . . the district court's resort to its extraordinary equitable powers to impose mandatory time limits and presumptive eligibility. 587 F.2d at 353–54.

This Court is of the opinion that *Wright* is equally applicable to the situation where, as here, plaintiffs challenge delays in all levels of disability claims determinations under the Act. Given defendant's good faith efforts to reduce processing times, the demonstrated progress in this regard, and the prospects for continued improvement, the imposition of liability on the SSA or the fashioning of a judicial remedy would here be inappropriate and unsupportable by the evidence.

## IV. THE DUE PROCESS CLAIM

The Seventh Circuit in *Wright* also addressed the issue of whether "due process is no longer due process because past due." *Wright, supra*, at 354. And as in *Wright*, this Court has found that the record has failed to establish that the delays complained of "are arbitrary or the result of some other inexcusable circumstance." *Wright, supra*, at 354.

Further, it is clear that due process is not a rigid concept "unrelated to time, place and circumstances." *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961); *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Recognizing the "flexible" nature of due process and the need to scrutinize the affected governmental and private interests in determining whether the challenged administrative proc-

ess is constitutionally sufficient, the Seventh Circuit in *Wright* found that the delays in question did not violate the applicant's due process rights:

> [I]n the name of due process as a flexible standard, we are not justified in sanctioning the imposition of unrealistic and arbitrary time limitations on an agency which for good faith and unarbitrary reasons has amply demonstrated its present inability to comply. 587 F.2d at 356.

The Court went on to explain the rationale for its decision:

> In view of the reasons for delay, nationwide in scope, not individualized and the nature of the particular benefits, a judicial fiat cannot help the SSA or claimants. Although judicial intervention may be required at some point, the solution must come from the SSA itself with the assistance of the Congress. Neither the Congress nor the agency has been unmindful of this complex problem. . . . Speed cannot be an end in itself. 587 F.2d at 356.

*See also Matthews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Cf. Flemming v. Nestor,* 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960).

■ This Court is again of the opinion that the careful reasoning of *Wright* should extend to the facts of this case. Although *Wright* involved old-age and survivor benefits under the Act, we do not view the difference between those benefits and the disability claims determinations here challenged to be of sufficient import to warrant a harsh and unyielding application of the flexible due process standard. Accordingly, the Court is of the opinion that plaintiffs have not been deprived of their rights of due process.

Though this is not the case where the implementation of a "judicial fiat" would rectify an essentially administrative problem, the Court is not unmindful of the substantial hardships some applicants may suffer pending the processing of their claims. The Court is sympathetic to the fate of applicants subject to the frustrating delays often indigenous to administrative proceedings. But that sympathy cannot, under the facts of this case, justify the imposition of liability on the SSA or resort to the peculiarly judicial solutions found inappropriate by the Seventh Circuit in *Wright.*

Finally, plaintiffs assert that the *Wright* holding was premised on the Seventh Circuit's displeasure with the remedies there imposed by the district court and that there is nothing objectionable about the "flexible" six month monitoring period previously ordered by this Court. But while it is arguable that this approach is less intrusive than those remedies disapproved of in *Wright,* that fact does not alter the Court's conclusion that, absent congressional guidance, judicial intervention is not warranted under the totality of circumstances in this case. There may indeed be situations where unjustified and outrageous administrative delays constitute a "deprivation of property in violation of due process" or a violation of an applicant's statutory rights requiring judicial relief. *Wright, supra,* at 356. However, this is not that case.

WHEREFORE, there being no genuine issue of material fact which need be resolved and for the foregoing reasons, defendant-Secretary's renewed motion for summary judgment must be, and the same hereby is *GRANTED.*